**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| HELEN & ROBERT FIGUEROA, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SHELLPOINT MORTGAGE SERVICING ) <br> CO., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 18-cv-10883 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant New Penn Financial, LLC dba Shellpoint Mortgage Servicing (incorrectly named as "Shellpoint Mortgage Servicing Co.") ("Shellpoint"), by and through its counsel, Day Pitney LLP ("Day Pitney"), and pursuant to Chapter 28, Sections 1332, 1441 and 1446 of the United States Code, hereby remove the civil action pending in the Trial Court of Massachusetts, Superior Court Department, Plymouth County, as civil action number 1883cv00393 (the "State Court Action"), and all claims and causes of action therein, to the United States District Court, District of Massachusetts.  The grounds for removal are as follows:

**Service**

1.  On or about April 6, 2018, Plaintiffs Helen and Robert Figueroa ("Plaintiffs") initiated the State Court Action by filing a Civil Complaint (the "Complaint") and requesting a temporary restraining order to prevent Shellpoint from conducting a foreclosure sale of the property located at 99 Fitzpatrick Avenue, Brockton, MA 02301 (the "Property").

2.  Shellpoint received a copy of the Complaint on April 10, 2018.

3. Day Pitney LLP sent notices of appearance on behalf of Shellpoint in the State Court Action on April 12, 2018.

4. This Notice of Removal was timely filed in this Court on May 4, 2018.

**Pleadings and Notice to State Court**

5. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Shellpoint in the State Court Action are attached to this Notice as <u>Exhibit A</u>.

6. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly served upon all parties and promptly filed with the Clerk of the Trial Court of Massachusetts, Superior Court Department, Plymouth County.

7. Pursuant to Rule 81.1(a) of the Local Rules, within twenty-eight (28) days after filing this Notice of Removal, Shellpoint will file with this Court certified or attested copies of all records and proceedings in the State Court Action and a certified or attested copy of all docket entries in the State Court Action.

**Timeliness of Removal**

8. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed, because it was filed within thirty (30) days of Shellpoint receiving the Complaint.

9. No prior removal of this action has been attempted.

**Statement of Grounds for Removal**

10. This action is within the jurisdiction of the United States District Court, District of Massachusetts pursuant to 28 U.S.C. § 1332, which provides in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between "citizens of different states." See 28 U.S.C. § 1332(a)(l).

11.     This action is removable because it is a civil action involving a matter in controversy exceeding the sum or value of $75,000.00 and the parties are citizens of different states under 28 U.S.C. § 1332.

### Venue

12.     Venue is 1446(d), proper in this Court pursuant to 28 U.S.C. § 1441(a) because this Court is the "district court of the United States for the district and division embracing" Plymouth County, Massachusetts, the place where the State Court Action is pending.

### The Parties are Citizens of Different States

13.     Plaintiffs represented in the Complaint that they reside at 99 Fitzpatrick Avenue, Brockton, MA 02301.  (Compl.)

14.     Shellpoint is a corporation with its main office in Greenville, South Carolina.

### The Amount in Controversy Exceeds the $75,000.00 Jurisdictional Threshold

15.     The essence of the controversy in the instant matter is the claim made by Plaintiffs that Defendant is wrongfully seeking to foreclose on the mortgage given by Plaintiffs to the mortgagee, Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for First Magnus Financial Corporation ("MERS") and First Magnus Financial Corporation's successors and assigns, dated July 29, 2005, and recorded with the Plymouth County Registry of Deeds in Book 31080, at Page 84-99 on August 4, 2005 (the "Mortgage").  *See* Exhibit B (a true and correct redacted copy of the Mortgage).

16.     The Mortgage was assigned to Federal National Mortgage Association ("Fannie Mae"), by virtue of an assignment dated October 18, 2016 and recorded with the Plymouth Registry of Deeds in Book 47640, at Page 27 on October 24, 2016 (the "MERS Assignment"). *See* Exhibit C (a true and correct copy of the MERS Assignment).

17. The Mortgage was assigned to MTGLQ Investors, LP, ("MTGLQ"), by virtue of an assignment dated June 27, 2017 and recorded with the Plymouth Registry of Deeds in Book 48602, at Page 303 on June 29, 2017 (the "Fannie Mae Assignment"). *See* Exhibit D (a copy of the Fannie Mae Assignment).

18. The amount in controversy in this case meets the jurisdictional threshold for two reasons. First, the original principal amount of the Mortgage is One Hundred Eighty-Two Thousand 00/100 Dollars ($182,000.00). As the First Circuit has held, the face value of a mortgage in a foreclosure matter is an acceptable measure of the amount in controversy for purposes of diversity jurisdiction. *See McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012) (holding that "the face-value-of-the-loan, of course, has the advantage of perfect simplicity . . . and unlike a rule based on the amount already paid or the balance still due, the face-value-of-the-loan approach cannot be manipulated through strategic timing of filing"); *Barbosa*, 2013 U.S. Dist. LEXIS 114135, at *12-13 (holding, in part, that the original amount of the mortgage is an indication of the fair market value of the property).

19. Second, the online assessment database for Brockton, Massachusetts values the Property, as of April 27, 2018, at Two Hundred and Ten Thousand Six Hundred Dollars ($210,600.00). *See* Exhibit E (a true and correct copy of the assessment is attached hereto.) Where the Plaintiffs seek equitable relief, the amount in controversy is measured by the value of the object at issue. *Issokson v. One West Bank, FSB*, 2013 U.S. Dist. LEXIS 2729, at *5-6 (D. Mass. Jan. 8, 2013). In a foreclosure action, the object of the litigation is the property. *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1983) (explaining that because "[t]he whole purpose of this action is to foreclose [defendant] from selling this property," the object of the litigation was the property); *Reye v. Wells Fargo Bank, N.A.*, 2010 WL 262985, at *4 (N.D. Cal.

June 29, 2010) (stating that "if the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation"). In cases that seek equitable relief against foreclosure sales, the fair market value of the property to be foreclosed upon is an acceptable measure of the amount in controversy for purposes of diversity jurisdiction. *Barbosa v. Wells Fargo Bank*, N.A., 2013 U.S. Dist. LEXIS 114135, at *12-13 (D. Mass. Aug. 13, 2013) (holding, in part, that the appraisal of the property is an indication of the value of the property).

20. Thus, because the face value of the Mortgage and the assessed value of the Property both exceed the $75,000.00 jurisdictional minimum, the amount in controversy requirement is satisfied.

**WHEREFORE**, for the reasons set forth above, Shellpoint respectfully remove the State Court Action to this Court.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **NEW PENN FINANCIAL, LLC DBA SHELLPOINT MORTGAGE SERVICING** |
|  | By its attorneys, |
|  | /s/ Thomas J. O'Neill<br>Thomas J. O'Neill<br>BBO #559701<br>tjoneill@daypitney.com<br>DAY PITNEY LLP<br>One Canterbury Green<br>Stamford, CT 06901<br>Tel.  (203) 977-7301 |
|  | Melissa Bruynell Manesse<br>BBO #685766<br>mmanesse@daypitney.com<br>DAY PITNEY LLP<br>One International Place<br>Boston, Massachusetts 02110 |
| DATED:     May 4, 2018 | Tel.  (617) 345-4753 |

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic (NEF) and paper copies will be sent to those indicated as non-registered participants on May 4, 2018.

/s/ Melissa Bruynell Manesse
Melissa Bruynell Manesse